IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------x
:
CENTRAL SPORTS, INC.            :        3:04 CV 1013 (JBA)
:
V.                              :
:
YAMAHA MOTOR CORP., U.S.A.      :        DATE: NOVEMBER 28, 2005
GENERAL, U.S.P.S.               :
----------------------------------------------x

RULING ON DEFENDANT'S MOTION TO COMPEL

On or about May 20, 2004, plaintiff commenced this action, in the New London Superior Court, stemming from termination of its Franchise Agreement with defendant; on June 22, 2004, defendant removed the case to federal court (Dkt. #1).  Plaintiff's Amended Complaint, filed October 19, 2004 (Dkt. #18), alleges the following five counts: violation of CONN. GEN. STAT. § 42-133r et seq. (First Count); common law injunctive relief (Second Count); breach of contract (Third Count); tort of bad faith and unfair dealing (Fourth Count); and violation of the Connecticut Unfair Trade Practices Act ["CUTPA"], CONN. GEN. STAT. § 42-110a et seq. (Fifth Count). On November 9, 2004, defendant filed its answer, seven affirmative defenses, and counterclaims for tortious interference with defendant's business or contractual relations (Count I) and CUTPA violations (Count II) (Dkt. #19).

On August 26, 2005, U.S. District Judge Janet Bond Arterton referred the file to this Magistrate Judge for discovery and settlement.  (Dkt. #27). On September 9, 2005, defendant filed the pending Motion to Compel and affidavit in support (Dkts. ##31-32);[1] on October 7, 2005, plaintiff filed its brief in opposition (Dkt. #42).  This motion was discussed during the settlement conference held before this Magistrate Judge on November 22, 2005 (Dkts. ##40

---

[1] The following two exhibits were attached to Dkt. #31: copy of the Amended Complaint (Exh. A); and copies of Plaintiff's Responses to Defendant's Interrogatories, dated May 31, 2005, Defendant's First Set of Interrogatories, dated March 28, 2005, Plaintiff's Responses to Defendant's Request for Production of Documents, dated May 31, 2005, and Defendant's First Request for Production of Documents, dated March 28, 2005 (Exh. B).

& 43).

On March 28, 2005, defendant served its First Interrogatories and First Request for Production of Documents on plaintiff; plaintiff served its answers and responses on May 31, 2005.  (Dkt. #31, at 2 & Exh. B).  In this motion, defendant seeks answers or supplemental answers to twenty of the twenty-five interrogatories, namely Interrogatories Nos. 2, 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 24 and 25, and the corresponding Requests for Production (Dkt. #31, at 3-20).  In its one-paragraph brief in opposition (Dkt. #42), plaintiff represents that it "previously complied" with these requests and on October 10, 2005 "will comply, in good faith" with defendant's request for supplemental responses.  At the conference, defense counsel represented that these responses are still inadequate.

The Magistrate Judge is at a disadvantage, not knowing what was supplied in the supplemental responses, and thus must rely solely upon the filings before her.  As requested by defense counsel at the conference, for Interrogatories Nos. 2, 6, 11 and 22, plaintiff must respond "none," instead of "not applicable."  Defense counsel is also correct that plaintiff's responses to Interrogatories Nos. 3, 4, 5, 7, 10, 12, 13, 14, 15, 16, 17, 19, 20, 21 and 25 are inadequate.  Interrogatory No. 24 seeks identification of the people deposed and experts retained in <u>Central Sports, Inc. v. American Honda Motors</u>, 3:00 CV 1255 (CFD); plaintiff responded that it is "unable to comply due to contractual obligations with a third party." As discussed at the conference, plaintiff's counsel shall provide copies of all relevant materials from the Honda file, including the operative protective order or confidentiality agreement, to the Magistrate Judge's Chambers for her <u>in camera</u> review on the issue of relevancy and production; these documents shall be delivered **on or before December 12, 2005**.

<u>     </u>Accordingly, for the reasons stated above, defendant's Motion to Compel (Dkt. #31) is <u>granted with respect to Interrogatories Nos. 2, 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 19,</u>

<u>20, 21, 22, and 25, and the corresponding Requests for Production, so that complete supplemental answers are provided</u> **on or before December 22, 2005**, <u>and with respect to Interrogatory No. 24, plaintiff's counsel shall provide copies of all relevant materials from the Honda file, including the operative protective order or confidentiality agreement, to the Magistrate Judge's Chambers for her in camera review on the issue of relevancy and production; these documents shall be delivered</u> **on or before December 12, 2005**.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.[2]

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 28th day of November, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

---

[2]If either counsel believes that a continued settlement conference before this Magistrate Judge would be productive, he should contact Chambers accordingly.