IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------x
:
CENTRAL SPORTS, INC.            :      3:04 CV 1013 (JBA)
:
V.                              :
:
YAMAHA MOTOR CORP., U.S.A.      :      DATE: DECEMBER 13, 2005
GENERAL, U.S.P.S.               :
-----------------------------------------------x

RULING FOLLOWING *IN CAMERA* REVIEW

The factual and procedural history behind this litigation is set forth in this Magistrate Judge's Ruling on Defendant's Motion to Compel, filed November 28, 2005 (Dkt. #44)["November 2005 Discovery Ruling"], familiarity with which is presumed. On or about May 20, 2004, plaintiff commenced this action, in the New London Superior Court, stemming from the termination of its Franchise Agreement with defendant; on June 22, 2004, defendant removed the case to federal court (Dkt. #1). Plaintiff's Amended Complaint, filed October 19, 2004 (Dkt. #18), alleges the following five counts: violation of CONN. GEN. STAT. § 42-133r et seq. (First Count); common law injunctive relief (Second Count); breach of contract (Third Count); tort of bad faith and unfair dealing (Fourth Count); and violation of the Connecticut Unfair Trade Practices Act ["CUTPA"], CONN. GEN. STAT. § 42-110a et seq. (Fifth Count). On November 9, 2004, defendant filed its answer, seven affirmative defenses, and counterclaims for tortious interference with defendant's business or contractual relations (Count I) and CUTPA violations (Count II) (Dkt. #19).

On August 26, 2005, U.S. District Judge Janet Bond Arterton referred the file to this Magistrate Judge for discovery and settlement. (Dkt. #27). Under the latest scheduling order, all discovery is to be completed on or before March 1, 2006. (Dkt. #45, at 2, ¶ 2).

The November 2005 Discovery Ruling addressed twenty outstanding discovery requests to plaintiff, including Interrogatory No. 24, which sought identification of the people

deposed and experts retained in <u>Central Sports, Inc. v. American Honda Motors</u>, 3:00 CV 1255 (CFD)["<u>Honda Litigation</u>"]; plaintiff responded that it is "unable to comply due to contractual obligations with a third party."  (November 2005 Discovery Ruling at 2).  At a settlement/discovery conference held before this Magistrate Judge on November 22, 2005 (<u>see</u> Dkt. #43), both counsel agreed that by December 12, 2005, plaintiff's counsel would provide copies of all relevant materials from the <u>Honda Litigation</u> file, including the operative protective order or confidentiality agreement, to the Magistrate Judge's Chambers for her <u>in camera</u> review on the issue of relevancy and production.  (November 2005 Discovery Ruling at 2).

Consistent with ruling, on December 12, 2005, plaintiff's counsel forwarded a large box of documents to the Magistrate Judge's Chambers; the documents are organized into seven folders.  One folder contains copies of the following documents from the <u>Honda Litigation</u>: Honda's termination letters to plaintiff; plaintiff's Fourth Amended Complaint, dated December 12, 2000; plaintiff's expert report; the Stipulation of Dismissal, dated July 8, 2002; and the Settlement Agreement and Release.   The Settlement Agreement and Release contains the following paragraph: "The terms and conditions of this Agreement and all matters pertaining thereto are confidential in nature and may not be revealed or publicized, nor shall the parties authorize or encourage their revelation or publication by others, except where . . . required by law, government agency or <u>court order</u>. . . ." (emphasis added).

The remaining six folders contain copies of sixteen deposition transcripts taken, from October 2000 through March 2002, in the <u>Honda Litigation</u>.  Of the sixteen deponents, two were employees of Honda; plaintiff need not disclose the names of these Honda employees to defendant. Another two deponents were employees of a financial institution and another two deponents were employees of similar businesses.  Plaintiff need not disclose the names of these four deponents unless their testimony is related to the issues raised in this litigation.

The remaining ten deponents are all employees or agents of plaintiff, including its expert witness. In Request No. 12 of Defendant's First Request for Production, it seeks all reports by experts retained by plaintiff in connection with this matter, to which plaintiff responded, "Not applicable." (Dkt. #31, Exh. B). In Request No. 39, defendant requests "[a]ny and all documents filed by, served upon, or served by" plaintiff in the Honda Litigation, to which plaintiff responded it is "unable to comply due to contractual obligations with a third party." (Id.). Because plaintiff apparently has not retained an expert in this litigation, plaintiff need not disclose the name of its expert in the Honda Litigation. With respect to Request No. 39, defendant is certainly free to obtain copies of the public filings in the Honda Litigation.[1] **On or before December 23, 2005**, plaintiff shall respond to Interrogatory No. 24 by providing defendant with the names of its nine employees or agents who were deposed in the Honda Litigation, and with the names of the four other individuals (who were bank employees or employees of similar businesses), if their testimony is related to the issues raised in this litigation.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.[2]

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United

---

[1] It is unclear from the language of Request No. 39 whether defense counsel is also seeking access to the deposition transcripts of any of these individuals. If defense counsel indeed is seeking access to these transcripts, and if counsel are unable to reach an agreement regarding these transcripts, they should notify the Magistrate Judge's Chambers in writing regarding what impasse has been reached.

[2] If either counsel believes that a continued settlement conference before this Magistrate Judge would be productive, he should contact Chambers accordingly.

States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 13th day of December, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge